IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER WALLING, individually
and on behalf of all others similarly situated,

Plaintiff,

v.

GENERAC HOLDINGS, INC.,
AARON P. JAGFELD, and YORK A. RAGEN,

Defendants.

OPINION and ORDER

23-cv-808-wmc

---

The plaintiff in this proposed class action brought under the Securities Exchange Act of 1934 says that he purchased securities from defendant Generac Holdings Inc., which designs, manufactures, and markets standby power generators, heaters, and pressure washers. (Dkt. #1, ¶¶ 2, 14.) Plaintiff Christopher Walling alleges that the purchase price of the stock was artificially inflated because of misrepresentations made by Generac and some of its officers about the impact of macroeconomic trends on its sales prospects. The case is now before the court on a motion filed by Walling to: (1) appoint him as "lead plaintiff" under 15 U.S.C. § 78u-4(a)(3)(B); and (2) approve the law firm Levi & Korsinsky, LLP as "lead counsel" and the law firm Mallery S.C. as "liaison counsel." (Dkt. #6.) Because no one has opposed the motion, as well as for other reasons discussed below, the court will grant the motion in full.

OPINION

## A.  Lead plaintiff

The Private Securities Litigation Reform Act, which amended the Securities Exchange Act of 1934, imposes several procedural requirements in class actions alleging violations of federal securities laws.  One of these is that the district court must appoint a lead plaintiff or plaintiffs for the proposed class.  15 U.S.C. § 78u-4(a)(3).

The named plaintiff in a proposed class action has 20 days after filing the complaint to give notice of the action to members of the proposed class in a "widely circulated national business-oriented publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must indicate "the pendency of the action, the claims asserted therein, and the purported class period[.]"  15 U.S.C. § 78u-4(a)(3)(A)(i)(I).  Within 60 days after the notice is published, any member of the proposed class may move the court for permission to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Anyone seeking appointment as a class representative must file a sworn certification on several issues.  15 U.S.C. § 78u-4(a)(2).[1]  The court must then determine which "member or members" of the proposed

---

[1] The certification must:

> (i)     state[] that the plaintiff has reviewed the complaint and authorized its filing;
>
> (ii)    state[] that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter;
>
> (iii)   state[] that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

class are the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The court finds that the notice requirements have been met here. On November 21, 2023, plaintiff Walling filed a notice in *Globe Newswire*, which courts across the country have consistently found to be a widely-circulated newswire under § 78u-4(a)(3)(A)(i).[2] The notice includes all the information required by § 78u-4(a)(3)(i)(I). (Dkt. 8-3.) Walling filed his motion to serve as lead plaintiff on January 22, 2024, within the deadline. He also attached a sworn certification that meets all the requirements in § 78u-4(a)(2).

---

(iv)   set[] forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;

(v)   identif[y] any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and

(vi)   state[] that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

15 U.S.C. § 78u-4(a)(2)(A).

[2] *E.g.*, *Murphy v. Argo Blockchain plc*, No. 23-cv-572-NRM-SJB, 2023 WL 4629444, at *2 (E.D.N.Y. July 19, 2023); *Mulquin v. Nektar Therapeutics*, No. 18-cv-6607-HSG, 2019 WL 1170774, at *2 (N.D. Cal. Mar. 13, 2019); *Mariconda v. Farmland Partners Inc.*, No. 18-cv-2104-DME-NYW, 2018 WL 6307868, at *2 (D. Colo. Dec. 3, 2018); *In re Herbalife, Ltd. Sec. Litig.*, No. CV 14-2850 DSF (JCGx), 2014 WL 12586789, at *1 (C.D. Cal. July 30, 2014); *Ghodooshim v. Qiao Xing Mobile Commc'n Co.*, No. 12-cv-9264 (JSR), 2013 WL 2314267, at *1 (S.D.N.Y. May 21, 2013).

(Dkt. #8-1.)  Plus, not only have there been no objections to Walling serving, but no one else has offered to serve as lead plaintiff.  (Dkt. #11.)

The next question is whether the proposed lead plaintiff is the "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  There is a presumption under the statute that the most adequate plaintiff is "person or group of persons" who:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption can be rebutted if a member of the proposed class can show that the presumptively most adequate plaintiff will be unable to represent the class adequately.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Having filed the operative complaint, the court finds that the proposed lead plaintiff meets the first requirement.

As for the second requirement, Walling says that he purchased 655 shares of Generac stock and lost approximately $20,328.96 during the class period as a result of purchases and sales of Generac stock.  (Dkt. #8-1 and Dkt. #8-2.)  *See also Chandler v. Ulta Beauty, Inc.,* No. 18-cv-1577, 2018 WL 3141763, at *3 (N.D. Ill. June 26, 2018) ("[T]he approximate losses suffered . . . is the most critical factor in determining a moving party's financial interest."); *Maiden v. Merge Techs., Inc.*, No. 06-C-349, 2006 WL 3404777, at *2 (E.D. Wis. Nov. 21, 2006) (measuring financial interest by number of shares purchased,

amount of funds expended, and amount of losses suffered).  Plus, Walling represents that he is not aware of anyone with a larger financial interest.  Finally, because no other class member has come forward to oppose the proposed lead plaintiff's motion, the court must assume that he has the largest financial interest of all the potential class members.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This leaves the third requirement -- satisfying Rule 23, which requires that the class representative demonstrate: (a) typicality (*i.e.*, the representative's claims have "the same essential characteristics as the claims of the class at large[,]" *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)), and (b) adequacy (*i.e.*, the representative has a sufficient stake in the outcome and is free of any conflicts of interest with other class members, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)).  However, in light of the limited information available about the class at this early stage, lead plaintiffs need only make a prima facie showing of typicality and adequacy.  *E.g.*, *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263–64 (3d Cir. 2001); *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

The court is persuaded that the proposed lead plaintiff has made the necessary showing.  His claims certainly appear to be typical of the class, because he purchased stock at allegedly inflated prices during the class period and suffered losses as a result.  He also appears to be an adequate representative in light of his financial losses and the lack of any apparent conflicts of interest.  His loss chart further shows that he purchased Generac stock throughout the class period, so he has an incentive to represent the interests of the entire proposed class.  Finally, because no other party or potential class member has attempted

to rebut the presumption that the proposed lead plaintiff is the most adequate representative of the class, the court will approve his request to serve as lead plaintiff.

## B. Lead counsel

Under 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is authorized to "select and retain counsel to represent the class" "subject to the approval of the court."  The proposed lead plaintiff Walling asks the court to approve the law firm Levi & Korsinsky, LLP, as lead counsel and the law firm Mallery S.C. as "liaison counsel."  In support, the proposed lead plaintiff cites Levi & Korsinsky's extensive experience litigating securities class actions and obtaining favorable results.  (Dkt. #8-4.)  Dozens of courts have also previously approved this firm to serve as lead counsel under § 78u-4(a)(3)(B)(v).  *Id.* (listing cases)*; White Pine Invs. v. CVR Ref., LP*, No. 20-cv-2863 (AT), 2021 WL 38155, at *4 (S.D.N.Y. Jan. 5, 2021) (Levi & Korsinsky has "extensive experience" in securities litigation and is "sufficiently qualified" to serve as lead counsel).  Accordingly, the court will approve the proposed lead plaintiff's choice of lead counsel.  As for liaison counsel, Mallery S.C. has substantial experience litigating in federal courts across Wisconsin, including class actions, so the court will approve that firm as well.

ORDER

IT IS ORDERED that:

1)  Christopher Walling is APPOINTED to serve as lead plaintiff.

2)  The court APPROVES lead plaintiff's choice of Levi & Korsinsky, LLP as lead counsel and the law firm Mallery S.C. as liaison counsel.

Entered February 7, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge